UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RONALD BEAN,

    Defendant.

_____/

Case No. 18-cr-20055

Honorable Nancy G. Edmunds

**ORDER DENYING [31] MOTION FOR THE APPOINTMENT OF COUNSEL AND [32] MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)(i)**

Defendant Ronald Bean is currently in the custody of the Federal Bureau of Prisons ("BOP") at FCI Butner in Butner, North Carolina. The matter is before the Court on Defendant's motion for the appointment of counsel (ECF No. 31) and his *pro se* motion for release to home confinement, filed under the authority of the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239 (ECF No. 32). The Government filed a response in opposition to Defendant's motion. (ECF No. 36.) The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motions.

**I.     Background**

Defendant was a federal fugitive from the Western District of Washington when he was arrested following a traffic stop in Detroit. Among other items, arresting officers seized approximately six kilograms of illegal drugs, false identification, and over $44,000 in cash. Defendant eventually pleaded guilty to drug trafficking and escaping from federal

1

custody but was mistakenly released by the BOP before he could be sentenced on those charges. The BOP arranged for Defendant to travel on a Greyhound bus back to Seattle, Washington where he was told to immediately report to the probation department in the Western District of Washington. Defendant did not get on the bus as scheduled and his whereabouts remained unknown until he was found and arrested four days later in Ohio, once again in possession of false identification. (ECF No. 36.)

At sentencing, Bean was placed in the highest criminal history category possible due to his previous fourteen convictions and two escapes from federal custody. (*Id.*) This Court sentenced him to a total of 100 months imprisonment to be followed by three years of supervised release. (ECF No. 30.) He began serving his sentence on April 22, 2019. (ECF No. 36-2.) He now moves for appointment of counsel and compassionate release.

As the basis for his present request for compassionate release, Defendant complains of hypertension, high cholesterol, and obesity in combination with the threat of infection from COVID-19. He asks the Court to allow him to serve the remainder of his sentence under home detention. (ECF No. 32.)

## II.     Analysis

### A.     Compassionate Release

The "compassionate release" provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons when there are "extraordinary and compelling" reasons to do so. *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). Historically, only the Director of the Bureau of Prisons could bring such a motion, but this changed with the passage of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. *United States v. Ruffin*, 978 F.3d

2

1000, 1003 (6th Cir. 2020). An inmate may now bring a compassionate release motion on his own behalf once he exhausts any administrative remedies or 30 days after requesting relief from the Bureau of Prisons. *Id.* at 1004 (citing *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020)).

The Sixth Circuit has instructed district courts to engage in a three-step analysis when considering a compassionate-release motion: *First*, consider whether "extraordinary and compelling reasons warrant [a sentence] reduction." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). *Second*, "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id. Third*, "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

The policy statement referenced in step two is found in U.S.S.G. § 1B1.13 and presently only applies to motions brought by the Bureau of Prisons, not to inmate-filed motions. *Elias*, 984 F.3d at 519. Thus, when considering inmate-filed motions for compassionate release, "district courts have full discretion" to determine what reasons are "extraordinary and compelling." *Jones*, 980 F.3d at 1111.

Here, the Government concedes the first and second requirements for compassionate release have been met. *See Elias*, 984 F.3d at 518. Defendant properly exhausted his administrative remedies by submitting a request for release to the warden at FCI Butner and waiting until that request was denied before filing the present motion. (ECF No. 32, 36 at 18.) Additionally, Defendant's obesity has been confirmed by the CDC

as a condition that increases one's risk of severe illness from COVID-19. Accordingly, the Government agrees Defendant satisfies step two of the *Elias* analysis. (ECF No. 36 at 20-21.) *See Elias*, 984 F.3d at 521 ("Relying on official guidelines from the CDC is a common practice in assessing compassionate-release motions."). Nonetheless, the Government maintains Defendant is a danger to the community and that his request for early release should be denied based upon a consideration of the 18 U.S.C. § 3553(a) factors. The Court agrees.

As at sentencing, the 18 U.S.C. § 3553(a) factors require consideration of a defendant's history and characteristics, the nature and circumstances of the offense, the seriousness of the offense, the need to protect the public from further crimes of the defendant, and the need to promote respect for the law and provide just punishment, among other things. *See* 18 U.S.C. § 3553(a).[1] "District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision . . . [b]ut 'as long as the record *as a whole* demonstrates that the pertinent factors were taken into account by the district court[,]' a district judge need not 'specifically articulate' its analysis of every single § 3553(a) factor." *Jones*, 980 F.3d at 1114 (emphasis in the original) (quoting *Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010)). A court's determination that the 18 U.S.C. § 3553(a) factors do not

---

[1] Wrapped up in this analysis is also the Government's argument, based upon the now irrelevant U.S.S.G. § 1B1.13, that releasing Defendant would endanger the community. *See Jones*, 980 F.3d at 1109 ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion."). While a defendant is no longer required to prove "lack of dangerousness" to succeed on a § 3582(c)(1)(A) motion, the effect his early release would have on the safety of any other person or the community is incorporated into several § 3553(a) factors.

support relief is an independent basis for denying compassionate release. *Ruffin*, 978 F.3d at 1001.

The 18 U.S.C. § 3553(a) factors strongly weigh against compassionate release in this case. Defendant's history shows a pattern of past convictions, incarcerations, and subsequent and immediate returns to illegal activity. His two present convictions are his fifteenth and sixteenth convictions. They now appear on his record alongside other state and federal drug convictions, multiple firearm offenses, vehicular manslaughter, and a series of convictions for crimes of moral turpitude. Defendant has violated the terms of his probation, parole, or supervision on approximately nine occasions and has escaped from federal custody twice. Indeed, even while Defendant waited to be sentenced in this case, he slipped through the fingers of the BOP and was found hundreds of miles away from where he was instructed to go and in possession of false identification. Ordering home detention in this case is therefore not appropriate.

Moreover, the roughly two years of incarceration Defendant has served thus far are not enough to promote respect for the law or provide just punishment, especially given the seriousness of Defendant's crimes. *See Ruffin*, 978 F.3d at 1008 ("[S]ome of the § 3553(a) factors, including the 'need to provide just punishment' and 'to reflect the seriousness of the offense," allow courts to consider the 'amount of time' that a defendant has served on a sentence when deciding whether to grant a sentence reduction.") This Court sentenced Defendant to 100 months imprisonment and that sentence remains appropriate today.

Accordingly, while the Court acknowledges the seriousness of Defendant's health concerns, his risk for severe illness does not alter the balance of the sentencing factors in any significant way. Early release is therefore denied.

### B.     Appointment of Counsel

The Court also declines Defendant's request to appoint counsel to assist him in requesting relief. The Supreme Court has held that a prisoner's post-conviction right to counsel extends only to his first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the discretion of the court, and appointed counsel is only deemed necessary where the interests of justice or due process are implicated. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Appointment of counsel is therefore appropriate only if, given the difficulty of the case and the defendant's ability, the defendant could not obtain justice without an attorney, he could not obtain a lawyer on his own, and the assistance of counsel would provide him with a reasonable chance of winning. *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Defendant has not demonstrated that appointment of counsel is appropriate in this case. His motion for compassionate release does not involve complex facts or legal doctrines that would prevent Defendant from effectively bringing the claim on his own behalf. The Court is familiar with the facts and circumstances of Defendant's case and the present motion provides all that is necessary in terms of evidence of exhaustion and Defendant's health. Therefore, Defendant's motion for appointment of counsel is denied.

### III. Conclusion

Based upon the foregoing, Defendant's motion to appointment counsel and his motion for compassionate release are DENIED.

SO ORDERED.

Dated: February 22, 2021

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 22, 2021, by electronic and/or ordinary mail.

s/ Lisa Bartlett
Case Manager